UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY TOOLEY, : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. 3:14-1840 |
| v. : | |
| : | (Mannion, D.J.) |
| CAROLYN W. COLVIN, : | (Saporito, M.J.) |
| Acting Commissioner | |
| of the Social Security : | |
| Administration, | |
| : | |
|    Defendant | |
| : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Judge Saporito, (Doc. 17), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied and decision of the Commissioner be affirmed. Judge Saporito reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The court has jurisdiction over this appeal under 42 U.S.C. §1383(c)(3). Plaintiff filed objections to the report.[1] (Doc. 18). Defendant did not object to the report but

---

[1]The court notes that since Judge Saporito stated the full procedural history and facts of this case, (Doc. 18, at 2-7), and since plaintiff did not object to it, the court will not repeat it herein.

responded to plaintiff's objections. (Doc. 19). For the following reasons, the report and recommendation is **ADOPTED** and, the plaintiff's appeal is **DENIED**. The decision of the defendant Commissioner will be **AFFIRMED** and the case will be **CLOSED**.

I.   **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

2

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Johnson v. Commissioner of Social Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552 (1988); *Hartranft v. Apfel*, 181 F.3d 358, 360. (3d Cir. 1999), *Johnson*, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

3

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II.   RELEVANT MEDICAL EVIDENCE

Judge Saporito's report and recommendation ("R&R") contains a thorough review of the plaintiff's medical history. (Doc. 17, at 2-7). The plaintiff did not file any objection to Judge Saporito's factual determinations regarding her medical history, and defendant relies upon them in her response, so they will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate[ ] [Judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d

Cir. 1984)). The court will restrict its discussion below to the relevant medical background as it pertains to the plaintiff's objections.

Judge Saporito's report also details the five-step process that is required to determine if an applicant is disabled under the Act. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from doing past relevant work, and; (5) whether the applicant's impairment prevents the applicant from doing any other work. 20 C.F.R. §§404.1520, 416.920. Since the five-step legal framework for addressing a disability claim was properly stated in the R&R, (Doc. 17, at 9-10), as well as the findings of the ALJ at each step, (Doc. 17, at 11-13), these portions of the R&R are incorporated by reference.

### III. DISCUSSION

As set forth more fully in Judge Saporito's report, plaintiff Mary Tooley applied for SSI on August 31, 2011, alleging she was unable to work due to depression, bipolar disorder and anxiety. A hearing was held before an

administrative law judge ("ALJ") on October 25, 2012. Plaintiff and a vocational expert ('VE") testified at the hearing. On January 15, 2013, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. The ALJ found that while plaintiff's bipolar disorder and substance abuse were severe impairments which prevented her from doing her previous work as a phlebotomist, she maintains the residual functional capacity ("RFC") to do the following work: laundry worker; Janitor; and records processor. Specifically, the ALJ found that plaintiff could perform a full range of work at all exertional levels, with the following nonexertional limitations:

> She can understand, remember, and carry out simple instructions, in an environment free of fast-paced production requirements, involving only simple work related decisions, with few work place changes. She can have occasional interaction with supervisors and co-workers, but no interaction with the public.

(TR 16).

Judge Saporito recommends that ALJ's decision to deny plaintiff's application for SSI be affirmed. The plaintiff raises an objection to the R&R claiming that an error was made by Judge Saporito regarding the following finding. Judge Saporito found that the ALJ properly explained why she accepted the opinion from Dr. Stephen Timchack, Psy.D, a consultative examining psychologist, regarding plaintiff's marked limitation on her ability to interact with co-workers but nonetheless found that plaintiff could have

occasional interaction with co-workers. The plaintiff contends that "[t]he ALJ offered no explanation for her determination that the same level of limitation assessed by Dr. Timchack in [her] ability to interact with the public (i.e., marked) which the ALJ appropriately limited her to no such interaction, somehow allowed [her] to interact with co-workers occasionally (i.e., up to one-third of the workday) despite the marked limitation assessed by Dr. Timchack." (Doc. 18, at 3). The plaintiff states that the ALJ failed to explain how she could have occasional interaction with co-workers when Dr. Timchack found she had a marked limitation in this area. The plaintiff states that Judge Saporito improperly found that the ALJ accounted for her marked limitation in interacting with co-workers since the ALJ's RFC assessment and hypothetical question posed to the VE included this limitation by restricting her to occasional interaction with co-workers instead of no interaction. Thus, the plaintiff disputes whether the ALJ's limitation to occasional interaction with co-workers accurately accounted for her marked limitation in this area found by Dr. Timchack and credited by the ALJ.

Judge Saportio properly framed the issue as "whether the ALJ's decision that [plaintiff's] 'marked' difficulty interacting with co-workers would not preclude [her] from 'occasional' contact with co-workers is supported by substantial evidence." (Doc. 17, at 16). The plaintiff argues that Judge Saporito erred by attempting to identify a definition of "marked" which is consistent with the "occasional" limitation found by the ALJ. In particular,

Judge Saporito referred to SSA's definition of "occasional" and "marked". (Id.). Since Judge Saporito accurately stated the definitions, there are not repeated. Judge Saporito concluded that "a 'marked' limitation in one activity exists when an impairment seriously interferes with, but does not necessarily preclude, a claimant's ability to engage in that activity." (Id., at 17).

Residual functional capacity is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Commissioner of Social Sec. Admin.*, 200 F.3d 112, 121 (3d Cir. 2000) (citations omitted). "In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work." Roth v. Colvin, 2014 WL 4415372, *2 n. 1 (W.D.Pa. Sept. 08, 2014) (citations omitted). The court in *Burnett* stated that the ALJ must consider all evidence before him in making a RFC determination. Burnett, 200 F.3d at 121. The *Burnett* Court further elaborated that, while the ALJ is permitted to weigh the credibility of the evidence, he is required to give some indication of the pertinent and significant probative evidence which he rejects, as well as the reasons for discounting the evidence. *Id*. Thus, the ALJ must mention and refute some of the contradictory evidence before him. *Id.; see also* Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Garibay v. Comm. of Social Sec., 336 Fed.Appx. 152, 156 (3d Cir. 2009) ("In making an RFC determination, an ALJ must discuss both the evidence that supports his conclusion and the evidence that was

rejected.") (citing *Burnett, supra;* Cotter v. Harris, 642 F2d 700, 705-07 (3d Cir. 1981)). The ALJ also must give the plaintiff's subjective complaints "serious consideration," Mason, 994 F.2d at 1067, and make specific findings of fact, including credibility, as to plaintiff's residual functional capacity. Burnett, 220 F.3d at 120.

The ALJ gave significant weight to Dr. Timchack's assessment, (TR 19), and the ALJ's RFC finding adequately accounted for the marked limitation to interact with co-workers Dr. Timchack identified by restricting plaintiff to only occasional interaction with co-workers, i.e., very little up to one third of the workday. Simply because the Medical Source Statement form Dr. Timchak completed indicated that plaintiff had marked limitation in her ability to interact with co-workers, does not mean that plaintiff was completely precluded from having any interaction with co-workers. See Fissella v. Astrue, 2011 WL 4368369, *3 (W.D.Pa. Sept. 19, 2011) ("[A]lthough [doctor who performed a consultative psychological exam of plaintiff] rated plaintiff as being markedly limited both in her ability to interact appropriately with co-workers and to make judgments on simple work-related decisions, she was not completely precluded from functioning in those areas."). The court in *Fissella* found that since the ALJ factored the limitations into the RFC finding by restricting plaintiff to "no more than occasional interaction with co-workers and supervisors", the ALJ accounted for the doctor's findings in assessing plaintiff's RFC. Id., *3-*4.

The plaintiff does not cite to any authority which indicates that a finding of marked limitation in an area of social functioning means that the person is totally unable to function in that area. Rather, the plaintiff argues that the ALJ failed to reconcile the finding that she could have no interaction with the public due to her marked limitation in this area with the finding that she could have occasional interaction with co-workers despite her marked limitation in this area. The plaintiff states that since the ALJ did not explain these contradictory findings, the court cannot supply the reasoning for them based on the *Chenery* doctrine. This is the gravamen of the plaintiff's objection to the R&R, i.e., the R&R attempts to provide a rational for the ALJ's stated findings and to supply reasoning which the ALJ did not use. The plaintiff maintains that this internal contradiction in the R&R requires a remand of her case to the defendant for a new hearing.

The court in Schuser v. Astrue, 879 F.Supp.2d 461, 466-67 (E.D.Pa. 2012), addressed the *Chenery* doctrine and stated:

> It is well established that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." SEC v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 87 L.Ed. 626 (1943). As such, "'[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision;' the Commissioner may not offer a post-hoc rationalization." Keiderling v. Astrue, No. Civ.A. 07–2237, 2008 WL 2120154, at *3 (E.D.Pa. May 20, 2008) (quoting Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000)).
> Nonetheless, the court is not required "to read the ALJ's opinion in a vacuum." Knox v. Astrue, No. Civ.A.09–1075, 2010

WL 1212561, at *7 (W.D.Pa. May 26, 2010). The standard of review still requires that the reviewing court examine the record as a whole to determine whether the ALJ's reasoning is supported by substantial evidence. Gaul v. Barnhart, No. Civ.A. 07–351, 2008 WL 4082265, at *5 n. 6 (E.D.Pa. Aug. 25, 2008). "A 'comprehensive explanation' need not always accompany a decision to reject a piece of probative evidence, since 'a sentence or short paragraph would probably suffice' in most instances." Knox, 2010 WL 1212561, at *7 (quoting Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981)). Moreover, "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989). Where the error by the ALJ is harmless and would not affect the outcome of the case, remand is not warranted. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

Based on the above principles, the court finds that the ALJ's decision that plaintiff could have occasional interaction with co-workers despite her marked limitation in this area was supported by substantial evidence. In May of 2011, Community Counseling Services completed an intake evaluation and plaintiff reported she took care of her five children. Also, plaintiff denied avoiding public situations/crowds and she stated that she socialized with some friends in high school. (TR 208, 211). James Cunningham, Ed.D, a nonexamining consultative psychologist reviewed plaintiff's medical records as well as Dr. Timchack's report and found, in part, that plaintiff was only moderately limited in her ability to interact with the public, (i.e., moderate

11

difficulties in maintaining social functioning), to accept instructions and respond appropriately to criticism from supervisors, and to respond appropriately to changes in the work setting. (TR 62-64). The ALJ, for the most part, afforded significant weight to Dr. Cunningham's opinions as a whole except for his opinion that plaintiff had an episode of decompensation of extended duration when she was hospitalized in August 2011, after using illegal drugs the previous night. (TR 19, 37). The findings of Dr. Cunningham would not preclude plaintiff from occasionally interacting with co-workers. Also, one month before plaintiff was examined by Dr. Timchack, Erica Davis, the aunt of plaintiff's son and plaintiff's "best friend", submitted a function report indicating that she (Davis) spent a lot of time with plaintiff helping her with her children. (TR 39, 142). The assessment of Dr. Cunningham and the statement of Ms. Davis could be considered pertinent and probative evidence that supported the ALJ's RFC finding that plaintiff could have occasional interaction with co-workers. Moreover, plaintiff, who was 32, testified at the ALJ hearing that she was "uncomfortable" when she was around people and felt like they were judging her.

In light of the above, the court agrees with Judge Saporito that despite Dr. Timchack's assessment "other evidence supports the ALJ's determination

that [plaintiff] is capable of at least 'occasional' interaction with potential co-workers." (Doc. 17, at 18). As such, substantial evidence supported the ALJ's decision denying plaintiff's SSI claim.

## IV.     CONCLUSION

Accordingly, the report and recommendation of Judge Saporito, (Doc. 17), is **ADOPTED IN FULL**. The final decision of the Commissioner is **AFFIRMED** and the plaintiff's appeal, (Doc. 1), is **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 23, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1840-01.wpd